IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOHN L. YOUNG,                        :
                                      :
            Petitioner,               :
                                      :
      v.                              :        Civil Action No. 23-449-CFC
                                      :
SCOTT CERESINI, Warden, and           :
ATTORNEY GENERAL OF THE               :
STATE OF DELAWARE,                    :
                                      :
            Respondents.              :

---

John L. Young.  *Pro se* Petitioner.

Andrew Robert Fletcher, Deputy Attorney General of the Delaware Department of
Justice, Wilmington, Delaware.  Attorney for Respondents.

---

## MEMORANDUM OPINION

December 26, 2024
Wilmington, Delaware

CONNOLLY, CHIEF JUDGE:

Pending before the Court is Petitioner John L. Young's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (D.I. 3) The State filed a Motion for Leave to File a Motion to Dismiss. (D.I. 13) Petitioner did not file a reply in opposition, and the Court granted the State leave to file the Motion to Dismiss on August 19, 2024. (D.I. 18) For the reasons discussed below, the Court will grant the State's Motion to Dismiss (D.I. 19), and dismiss the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I.    BACKGROUND

In May 2018, Petitioner was indicted for first degree rape, second degree rape, first degree unlawful sexual contact, endangering the welfare of a child, and four counts of contempt of court. (D.I. 3-1 at Entry No. 10); *see Young v. State*, 283 A.3d 1182 (Table), 2022 WL 3590972, at *1 (Del. Aug. 22, 2022). On August 6, 2018, Petitioner pled guilty to second degree rape, contempt of court, and several violations of probation. (D.I. 14-10); *see Young*, 2022 WL 3590972, at *1. That same day, the Delaware Superior Court sentenced Petitioner as follows: (1) for second degree rape, to 40 years at Level V incarceration, suspended after 25 years and successful completion of the Transitions sex offender program for 15 years at Level III probation; and (2) for contempt of court, to one year at Level V incarceration suspended for one year at Level III probation. (D.I. 14-11); *see Young*, 2022 WL 3590972, at *1. On September 10, 2018, Petitioner filed a notice of appeal, which the Superior Court denied as untimely on

November 20, 2018. *See Young v. State*, 197 A.3d 1049 (Table), 2018 WL 6118713, at *1 (Del. Nov. 20, 2018).

On October 22, 2018, Petitioner filed a motion for reduction of sentence, which the Superior Court denied on November 19, 2018. (D.I. 14-12; D.I. 14-13)  On April 22, 2019, Petitioner filed a second motion for reduction, which the Superior Court denied on May 17, 2019. (D.I. 14-14; D.I. 14-15)

On February 14, 2022, Petitioner filed a motion for correction of an illegal sentence, which the Superior Court denied on February 28, 2022. (D.I. 14-16) Petitioner appealed, and the Delaware Supreme Court affirmed that decision on August 22, 2022. *See Young,* 2022 WL 3590972, at *2.

In April of 2023, Petitioner filed in this Court the instant Petition asserting the following three Claims: (1) trial counsel provided ineffective assistance by failing to ensure that Petitioner was aware of the full consequences of pleading guilty; (2) the trial court abused its discretion by failing to ensure that Petitioner was advised in person of the direct and full consequences of his plea; and (3) the State failed to file an application for enhancement of sentence, which is a statutory requirement. (D.I. 3 at 5, 7-8)

## II.    ONE YEAR STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). AEDPA prescribes a one-year period of

2

limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). A petitioner may also be excused from failing to comply with the limitations period by making a gateway showing of actual innocence. *See Wallace v. Mahanoy*, 2 F. 4th 133, 151 (3d Cir. 2021) (actual innocence exception).

Petitioner does not assert, and the Court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the statute of limitations begins

3

to run, upon expiration of the time period allowed for seeking direct review.  *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).  In this case, the Superior Court sentenced Petitioner on August 6, 2018.  Because Petitioner did not timely file a direct appeal from the sentence imposed on August 6, 2018, his conviction became final on September 5, 2018, the date the thirty-day period for filing a timely appeal to the Delaware Supreme Court expired.  *See* Del. Sup. Ct. R. 6(a)(ii).  Applying the one-year limitations period to that date, Petitioner had until September 5, 2019 to timely file a habeas petition.  *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run).  Petitioner, however, did not file the instant Petition until April 19, 2023,[1] approximately three and one-half years after that deadline.  Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled, or Petitioner makes a gateway showing of actual innocence.  *See Jones,* 195 F.3d at 158; *see Wallace,* 2 F.4th at 151 (explaining that actual innocence is an "exception to

---

[1]Pursuant to the prison mailbox rule, the Court adopts as the filing date the date on which Petitioner placed the Petition the prison mailing system—April 19, 2023.  (D.I. 3 at 15); *see Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

the statute of limitations" rather than an "extension to the statute of limitations via equitable tolling."). The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). A post-conviction motion is "'properly filed' for statutory tolling purposes when its delivery and acceptance is in compliance with the state's applicable laws and rules governing filings, such as the form of the document, any time limits upon its delivery, the location of the filing, and the requisite filing fee." *Crump v. Phelps*, 572 F. Supp. 2d 480, 483 (D. Del. 2008). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *See Swartz,* 204 F.3d at 424. The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Att'y of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

The notice of appeal that Petitioner filed on September 10, 2018 was rejected by the Delaware Supreme Court for being untimely and, therefore does not constitute a properly filed appeal. *See Young*, 2018 WL 6118713, at *1. Consequently, AEDPA's one-year statute limitations started to run on September 6, 2018, thirty 30 days after

5

Petitioner's August 6, 2018 sentencing.  The limitations period ran for 46 days until Petitioner filed his motion of reduction of sentence on October 22, 2018.  The Superior Court denied the motion on November 19, 2018, and Petitioner did not appeal that decision.  Thus, the motion for reduction of sentence tolled the limitations period from October 22, 2018 through December 19, 2018, which includes the 30-day appeal period.

The limitations clock started to run again on December 20, 2018, and ran for 123 days until Petitioner filed his second motion for sentence reduction on April 22, 2019. The Superior Court denied the second motion for sentence reduction on May 17, 2019, and Petitioner did not appeal.  Therefore, the second motion for sentence reduction tolled the limitations period from April 22, 2019 through June 17, 2019,[2] which includes the 30-day appeal period.

The limitations clock started to run again June 18, 2019, and ran without interruption for another 196 days until the limitations period expired on December 31, 2019.  Petitioner's motion for correction of illegal sentence, filed on February 14, 2022, does not trigger statutory tolling because it was filed after the limitations period had already expired.  Consequently, even after applying the available statutory tolling, the Petition is time-barred, unless equitable tolling applies or Petitioner establishes a gateway claim of actual innocence.

---

[2]The 30-day appeal period ended on June 16, 2019, which was a Sunday.  Therefore, the appeal period extended through the end of the day on Monday, June 17, 2019.  *See* Del. Supr. Ct. R. 11(a).

6

## B.  Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50.  With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52.  Additionally, the obligation to act diligently "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [the petitioner] is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005).

As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011).  An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

Petitioner does not assert, and the Court cannot discern, that any extraordinary circumstance prevented him from timely filing the instant Petition.  To the extent Petitioner's late filing in this Court was due to a lack of legal knowledge or miscalculation of AEDPA's one-year filing period, such circumstances do not warrant equitably tolling the limitations period.  *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6

7

(D. Del. May 14, 2004).  Given these circumstances, the Court concludes that equitable tolling is not available to Petitioner on the facts he has presented.

### C.  Actual Innocence

Finally, a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period.  *See McQuiggin v. Perkins*, 569 U.S 383, 392 (2013); *Wallace*, 2 F. 4th at 150-151. "[A]ctual innocence means factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  A petitioner satisfies the actual innocence exception by (1) presenting new, reliable evidence of his innocence; and (2) showing "by a preponderance of the evidence" that "a reasonable juror would have reasonable doubt about his guilt[] in light of the new evidence." *Wallace*, 2 F.4th at 151. Petitioner, however, does not assert any claim of actual innocence.

For all these reasons, the Court concludes that the Petition is time-barred. Therefore, the Court will grant the State's Motion to Dismiss and dismiss the Petition.

## III.  CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability.  *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2).  When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a

constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## IV.    CONCLUSION

For the reasons discussed, the Court will grant the State's Motion to Dismiss and dismiss the instant Petition as time-barred without holding an evidentiary hearing or issuing a certificate of appealability. The Court will enter an order consistent with this Memorandum Opinion.

9